**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **KINAROS SPECIAL MARITIME ENTERPRISE, ELETSON CORPORATION, ELETSON HOLDINGS INC.,** | § § § § § | **CIVIL ACTION NO.** **25-cv-_____** |
| Plaintiffs, | § § | **ADMIRALTY RULE 9(h)** |
| **M/V KINAROS (IMO 9405538),** her engines, tackle, equipment, and appurtenances, *in rem*, | § § § § § | |
| and | § § | |
| **FAMILY UNITY TRUST COMPANY, GLAFKOS TRUST COMPANY, LASSIA INVESTMENT COMPANY, ELAFONISSOS SHIPPING CORPORATION, KEROS SHIPPING CORPORATION, VASSILIS HADJIELEFTHERIADIS, LASKARINA KARASTAMATI, VASSILIS E. KERTSIKOFF, VASILEIOS CHATZIELEFTHERIADIS, KONSTANTINOS CHATZIELEFTHERIADIS, IOANNIS ZILAKOS, ELENI KARASTAMATI, PANAGIOTIS KONSTANTARAS, EMMANOUIL ANDREOULAKIS, ELENI VANDOROU,** *in personam* | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**VERIFIED COMPLAINT**

Plaintiffs KINAROS SPECIAL MARITIME ENTERPRISE ("Kinaros SME", "Owners"), ELETSON CORPORATION ("Eletson Corp"), and ELETSON HOLDINGS, INC. ("Eletson Holdings") (collectively "Plaintiffs") file this Verified Complaint *in rem* against Defendant M/V KINAROS ("Vessel") and *in personam* against the other Defendants captioned above, stating admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule D of the Supplemental Rules for Admiralty or

1

Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule D"), and allege as follows:

## PARTIES

1.　Plaintiff Kinaros SME is a Greek entity with its registered address in Piraeus, Greece.

2.　Plaintiff Eletson Corp is a Liberian entity with its registered address at 80 Broad Street, Monrovia, Liberia.

3.　Plaintiff Eletson Holdings is a Liberian entity with its registered address at 80 Broad Street, Monrovia, Liberia.

4.　On information and belief, the Vessel is a chemical/oil products tanker that is currently present or will shortly be present in or around the area of the port of Brownsville.

5.　On information and belief, the *in personam* Defendants are **former** shareholders, directors and officers of Plaintiffs.

6.　On information and belief, Defendants Family Unity Trust Company, Glafkos Trust Company, Lassia Investment Company, Elafonissos Shipping Corporation, and Keros Shipping Corporation are Liberian entities with their registered addresses at 80 Broad Street, Monrovia, Liberia.

7.　On information and belief, Defendants Vassilis Hadjieleftheriadis, Laskarina Karastamati, Vassilis E. Kertsikoff, Vasileios Chatzieleftheriadis, Konstantinos Chatzieleftheriadis, Ioannis Zilakos, Eleni Karastamati, Panagiotis Konstantaras, Emmanouil Andreoulakis and Eleni Vandorou are individuals resident or domiciled in Greece, with their address at 118 Kolokotroni Street, Piraeus, Greece, 185 35.

## JURISDICTION AND VENUE

8.　This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333(1) because this is a petitory and possessory action under Supplemental Rule D.

9. Petitory and possessory actions may be used to recover possession of seagoing vessels and are by themselves within the admiralty jurisdiction of this Court. *Hunt v. A Cargo of Petroleum Prod. Laden on Steam Tanker Hilda*, 378 F. Supp. 701, 703 (E.D. Pa. 1974), *aff'd* 515 F.2d 506 (3d Cir. 1975).

10. This Court also has subject matter jurisdiction because this action asserts admiralty and maritime tort claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

11. Such claims are based on the tort of conversion of maritime property (namely, the Vessel). This maritime action is to recover possession of the Vessel, with which the *in personam* Defendants have been and are unlawfully interfering.

12. This Court also has the power to declare rights and liabilities pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and Supplemental Rule C(2)(c),[1] as the Vessel which is the subject of this action is currently or is believed soon to be within the District.

## FACTS

**The Parties and Contracts Involved**

14. Plaintiff Kinaros SME is a bareboat charterer and owner *pro hac vice* of the Vessel, pursuant to a bareboat charterparty[2] dated June 24, 2020 ("Bareboat Charter") with an entity called OCM Maritime Rhine LLC.

---

[1] Supplemental Rule D provides in relevant part that "the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties." In turn, arrest is governed by Supplemental Rule C.

[2] A bareboat charterparty is essentially the lease of a ship, usually on a long-term contract, often associated with a special finance or purchase arrangement. Under a bareboat charterparty, the command and possession of the vessel is turned over to the charterer. The charterer is considered the temporary owner, or commonly termed the owner *pro hac vice*.

15. Indeed, Plaintiff Kinaros SME – being a so-called "special maritime enterprise" under Greek law – is an entity created for the exclusive purpose of owning this Vessel.

16. The Bareboat Charter provides at Clause 10(a)(i) that "during the Charter Period the Vessel shall be in the full possession and at the absolute disposal for all purposes of the Charterers and under their complete control in every respect" and also at Clause 10(b) that "[t]he Master, officers and crew of the Vessel shall be the servants of the Charterers for all purposes whatsoever, even if for any reason appointed by the Owners". A copy of the Bareboat Charterparty is attached hereto as Exhibit 1.

17. All shares in Plaintiff Kinaros SME are owned by Plaintiff Eletson Holdings.

18. On information and belief, the immediate shareholders in Plaintiff Eletson Holdings used to be five of the *in personam* Liberian Defendants, namely, the entities called Family Unity Trust Company, Glafkos Trust Company, Lassia Investment Company, Elafonissos Shipping Corporation and Keros Shipping Corporation.

19. On information and belief, these five Defendants used to be ultimately owned by three principal families, which are the families of other *in personam* Defendants, namely, the families of Laskarina Karastamati, Vassilis Kertsikoff, and Vasilis Hadjieleftheriadis, each of whom together with further individual Defendants also held various director and officer positions in the Eletson entities (jointly "Former Shareholders, Directors & Officers").

20. Similarly, Plaintiff Eletson Holdings owns all shares in Plaintiff Eletson Corp.

21. Eletson Corp is a manager of the Vessel, pursuant to the ship management agreement it has with Plaintiff Kinaros SME entered into in June 2020 ("Management Agreement").

22. The current position as regards ownership of the Eletson group is discussed in more detail below at paragraphs 23-42. To summarize, in breach of the U.S. Bankruptcy Court orders, the Defendants who are Former Shareholders, Directors & Officers of Plaintiff Eletson

4

Holdings are obstructing the court-ordered transfer of ownership in Plaintiff Eletson Holdings (and by extension of other Eletson subsidiaries, such as Plaintiff Kinaros SME and Plaintiff Eletson Corp) to the new shareholders and management.

**The Bankruptcy of Plaintiff Eletson Holdings and Termination of Its Old Management**

23. On March 7, 2023, a number of creditors petitioned for involuntary bankruptcy of Plaintiff Eletson Holdings (case 23-10322-jpm pending before the U.S. Bankruptcy Court for the Southern District of New York) ("U.S. Bankruptcy Court"). On September 25, 2024, the U.S. Bankruptcy Court entered an order granting the request by Plaintiff Eletson Holdings to convert the involuntary bankruptcy to a voluntary proceeding under Chapter 11 of the Bankruptcy Code.

24. On October 25 and November 4, 2024, the U.S. Bankruptcy Court issued its decision and order confirming the Chapter 11 plan proposed by the creditors ("Chapter 11 Decision", "Chapter 11 Order", and "Chapter 11 Plan", respectively). True and correct copies thereof are attached as Exhibits 2, 3 and 4, respectively.

25. The Chapter 11 Decision and Chapter 11 Plan provided for funding of Plaintiff Eletson Holdings through a US$53.5 million equity rights offering. Exhibit 2 at 39-41; Exhibit 4 at 14, §1.129.

26. In accordance with this rights offering, holders of general unsecured claims received subscription rights to purchase up to 75% of the shares in the reorganized Plaintiff Eletson Holdings. *Id.*

27. These shares were extremely valuable, as Plaintiff Eletson Holdings ultimately owns and/or controls a fleet of at least sixteen (16) vessels, through structures similar to that for Plaintiff Kinaros SME and the Vessel in the present action.

5

28. The effect of the Chapter 11 Plan, Decision, and Order is that the Defendants ceased being shareholders, directors or officers in Plaintiff Eletson Holdings and, by extension, in Plaintiffs Kinaros SME and Eletson Corp.

29. This is the combined result of:

   a. Section 10.1 of the Chapter 11 Plan making the plan binding on all parties on the Effective Date, which occurred on November 19, 2024. Exhibit 4 at 45, §10.1; Exhibit 5 (Notice of Occurrence of the Effective Date).

   b. Section 5.4 of the Chapter 11 Plan mandating that on the Effective Date, all existing stock would be cancelled. Exhibit 4 at 28-29, §5.4.

   c. Section 5.8 providing for the issuance of new shares in accordance with the terms of the Chapter 11 Plan. *Id* at 30-31, §5.8.

   d. Section 5.10(c) mandating that all existing members of the governing bodies of each "Debtor" (which includes Plaintiff Eletson Holdings) would be "deemed to have resigned or shall otherwise cease to be a director or manager of the applicable Debtor on the Effective Date." *Id* at 32, §5.10(c).

   e. Section 5.10(a) providing for the appointment of the new board of directors. *Id*, §5.10(a).

   f. Crucially, Section 5.2(c) providing that "on the Effective Date, all property in each Estate, including all Retained Causes of Action, and any property acquired by any of the Debtors, **including interests held by the Debtors in their respective non-Debtor direct and indirect subsidiaries and Affiliates shall vest in Reorganized Holdings…**" *Id* at 28, §5.2(c) (emphasis added).

   g. It is noted that "Reorganized Holdings" is defined in the Chapter 11 Plan as Plaintiff Eletson Holdings after it emerged from the Chapter 11 reorganization, with the new shareholders, directors and officers. *Id.* at 14, §1.126.

6

    h. Section 5.2(c) further providing that "[o]n and after the Effective Date, except as otherwise provided in this Plan, Reorganized Holdings may operate its business and may use, acquire, or dispose of property and maintain, prosecute, abandon, compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Bankruptcy Court . . . ." *Id* at 28, §5.2(c)

    i. The Chapter 11 Order is the order of the U.S. Bankruptcy Court which confirms the Chapter 11 Plan and makes it operative in all respects, including with regard to vesting of assets (paragraph 7) and its immediate binding effect (paragraph 19). Exhibit 3 at 22, ¶7 and at 27-28, ¶19.

30. On or about the Effective Date, which occurred on November 19, 2024, consistent with the Chapter 11 Plan confirmed by the U.S. Bankruptcy Court, the following actions were taken to implement it:

    a. Reorganized Plaintiff Eletson Holdings issued shares to the new holders.

    b. The shares of the Defendants who were former shareholders were cancelled.

    c. The new shareholders in Plaintiff Eletson Holdings removed all former directors of that Plaintiff entity and appointed new directors. Copies of the shareholders' and the new board's consent are attached as Exhibits 6 and 7, respectively.

    d. Plaintiff Eletson Holdings, being the sole shareholder in Plaintiff Eletson Corp, removed all former directors in that entity and appointed a new board. Copies of the stockholders' and the new board's consent are attached as Exhibits 8 and 9, respectively.

    e. Also on November 19, 2024, Plaintiff Eletson Holdings, being the sole stockholder in Plaintiff Kinaros SME, authorized an officer to sign resolutions on behalf of Kinaros SME. A copy of the relevant board consent is attached as Exhibit 10.

31. Further, on December 6, 2024, Plaintiff Eletson Holdings appointed a new board of directors of Plaintiff Kinaros SME. A copy of the relevant minutes is attached as Exhibit 11.

32. When some of the Defendants (who were Former Shareholders, Directors & Officers) appealed against an order of the U.S. Bankruptcy Court, the United States District Court for the Southern District of New York (case 1:23-cv-07331-LJL), ruled that the new board of directors of Plaintiff Eletson Holdings is to be recognized and has the ability to act on behalf of Eletson Holdings, under section 5.2 of the Chapter 11 Plan. A copy of the bench ruling is attached at Exhibit 12 at [31:9-19] and the copy of the docketed order is attached at Exhibit 13.

**Refusal of Old Management of Eletson Holdings to Comply with US Court Orders**

33. However, in brazen defiance of the Chapter 11 Order, Chapter 11 Decision and Chapter 11 Plan (as well as the ruling of the United States District Court for the Southern District of New York), the Defendants are refusing to comply with these US court orders and implement the transfer of ownership in Plaintiff Eletson Holdings and, by extension, in Plaintiffs Kinaros SME and Eletson Corp.

34. There is currently pending before the U.S. Bankruptcy Court an emergency motion for sanctions against such Defendants as were the former shareholders, directors and officers in Plaintiff Eletson Holdings and against their counsel. A copy of the sanctions motion is attached at Exhibit 14.

35. Among other instances of clear and intentional defiance of the U.S. Bankruptcy Court orders, the relevant Defendants:

   a. continue to obstruct the registration of the cancellation of shares of the older shareholders and issuance of shares to the new shareholders and appointment of

       the board of Plaintiff Eletson Holdings and completion of many other associated formalities in Liberia;

b. continue to represent themselves as and act as purported shareholders, directors and officers of Plaintiff Eletson Holdings and other Eletson subsidiaries;

c. appointed a "provisional" board of directors in Greece for Plaintiff Eletson Holdings, despite the fact that pursuant to the Chapter 11 Plan, on the Effective Date, each member of the "provisional" board was deemed to resign—post-Effective Date, this "provisional board" has taken unauthorized actions in the U.S., Liberia, and Greece; and

d. continue to unlawfully insist that the U.S. Bankruptcy Court orders must be recognized in Liberia and Greece through a separate procedure through vexatious proceedings in those countries before the relevant Defendants would agree to comply with the U.S. Bankruptcy Court's orders (which already have binding power).

36. Such actions by the Defendants in breach of the U.S. Bankruptcy Court's Orders deprive Plaintiffs of any possession and use of the Vessel and blatantly interfere with Plaintiffs' proprietary rights in the Vessel.

37. As a result of such actions, Plaintiffs and their new shareholders and management have been unable to receive any income from the use of the Vessel (or any other ships in the Eletson-controlled fleet), replace the crews, or exercise any of their rights as bareboat charterers, *pro hac vice* owners, and managers of the Vessel.

38. It is clear that Defendants who are Former Shareholders, Directors &Officers of Plaintiff Eletson Holdings actively seek to undermine the U.S. Bankruptcy Court orders and obstruct the implementation of such orders.

39. This is despite sections 1141(a)-(c) and 1142 of the Bankruptcy Code, as well as section 5.4 of the Chapter 11 Plan, which requires cancellation of the old shares without further notice to or order of the US Bankruptcy Court, section 7.2 of the Chapter 11 Order, which vests into Plaintiff Eletson Holdings all interests in its subsidiaries, and section 19 of the Chapter 11 Order providing for immediate binding effect of the Chapter 11 Plan.

40. Indeed, this flies in the face of the express words of the Chapter 11 Plan itself, which provides in its section 5.2(c):

> all property in each Estate, including all Retained Causes of Action, and any property acquired by any of the Debtors, **including interests held by the Debtors in their respective non-Debtor direct and indirect subsidiaries and Affiliates shall vest in Reorganized Holdings**, free and clear of all Liens, Claims, charges, or other encumbrances…

Exhibit 4, § 5.2.(c).

41. On information and belief, the Vessel is currently present or will shortly be present in or around the area of the Port of Brownsville.

42. On information and belief, the Vessel is scheduled to arrive at the Port of Brownsville on or about January 8, 2025 and there is a real risk that it may depart shortly thereafter, on or before January 10, 2025, to an unknown destination.

**COUNT I**
**Rule D Possessory and Petitory Claim for the Vessel**

43. Paragraphs 1 through 42 of this Verified Complaint are repeated and realleged as if the same were set forth here at length.

44. A controversy has arisen regarding Plaintiffs' immediate right to possession of the Vessel and exercise of other rights granted to Plaintiffs by the Bareboat Charter and the Management Agreement.

45. Plaintiffs are the lawful bareboat charterers, *pro hac vice* owners and managers of the Vessel.

10

46. However, the Vessel is currently in the de facto possession and control of Defendants purporting to act through and on behalf of the Eletson entities and in clear and intentional violation of the U.S. Bankruptcy Court orders.

47. Defendants purporting to act through and on behalf of the Eletson entities continue to deprive Plaintiffs of any possession and use of the Vessel and blatantly interfere with Plaintiffs' proprietary rights in the Vessel.

48. As a result, Plaintiffs are unable to exercise any of their rights as bareboat charterers, *pro hac vice* owners, and managers of the Vessel.

49. On information and belief, the Vessel is currently present or will soon be present in or around the area of the Port of Brownsville.

50. On information and belief, the Vessel is scheduled to arrive at the Port of Brownsville on or about January 8, 2025 and is capable of departing shortly thereafter, possibly as soon as January 10, 2025, to an unknown destination.

51. Pursuant to Supplemental Rule D, Plaintiffs are entitled to bring an action for possession of the Vessel.

52. Defendants continue to possess the Vessel unlawfully, to the detriment of Plaintiffs, causing damage to Plaintiffs.

53. Defendants purporting to act through and on behalf of the Eletson entities do not hold either legal title or a legal possessory interest in the Vessel.

54. Plaintiffs therefore request a warrant for the arrest of the Vessel pursuant to Supplemental Rule D, as well as immediate orders from this Court (i) declaring their right to recover possession of the Vessel, (ii) ordering that Defendants deliver the Vessel into Plaintiffs' possession and (iii) ordering that Defendants in all respects refrain from interfering with the use and possession by Plaintiffs of the Vessel (including by an injunction barring Defendants from interfering with Plaintiffs' management and operation of the Vessel).

## COUNT II
## Conversion

55. Paragraphs 1 through 54 of this Verified Complaint are repeated and realleged as if the same were set forth here at length.

56. Plaintiffs are the lawful bareboat charterers, *pro hac vice owners* and managers of the Vessel and have the unconditional right to take possession of the Vessel.

57. Defendants purporting to act through and on behalf of the Eletson entities have unlawfully and intentionally exercised dominion and control over the Vessel on navigable waters without authorization and inconsistently with Plaintiffs' rights.

58. Defendants purporting to act through and on behalf of the Eletson entities appropriated the Vessel on navigable waters for their own use and gain.

59. As a result of the foregoing, Plaintiffs have suffered damages in excess of $1,400,000 due to the inability to use the Vessel.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That a Warrant of Arrest be issued in due form of law and according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction against the Vessel in or near the Port of Brownsville, pursuant to Supplemental Rule D for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

B. That the Vessel be seized when found within this District pursuant to Supplemental Rule D of the Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

C. That process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction be issued against Defendants;

D. That an order be issued that Plaintiffs are entitled to legal title and possessory rights of the Vessel and a commensurate order compelling Defendants to release the Vessel to Plaintiffs, respectively;

E. That the Court enter judgment in favor of Plaintiffs and enter an order confirming Plaintiffs' right to possession of the Vessel;

F. That judgment be entered in Plaintiffs' favor and against Defendants, jointly and severally, in an amount to be proven in these proceedings, plus costs, expenses and interest;

G. That an injunction be issued prohibiting Defendants from interfering with Plaintiffs' possession, management and operation of the Vessel;

H. That Plaintiffs have such other and further relief as in law and justice they may be entitled to receive, including attorneys' fees.

Date: January 7, 2025

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: *Andrew R. Nash*_____
Andrew R. Nash
Texas Bar No.: 24083550
SDTX ID: 1690806
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: andy.nash@phelps.com

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL**

**FLOYD ZADKOVICH (US) LLP**

Luke F. Zadkovich
Edward W. Floyd

Filipp A. Vagin
luke.zadkovich@floydzad.com
ed.floyd@floydzad.com
philip.vagin@floydzad.com
(917) 868 1245
(917) 999 6914
33 East 33rd Street, Suite 905
New York, NY, 10016

*PENDING PRO HAC VICE ADMISSION*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Adam Warren Spears declares are follows:

I am CEO of Plaintiff Eletson Holdings Inc.

I have read the foregoing Verified Complaint and know the contents thereof.

I verify that I believe the allegations contained therein to be true to my own knowledge, except as to matters stated to be upon information and belief, and as to those matters I believe them to be true.

The grounds for my belief are based upon my personal knowledge gained during the course of my professional duties as CEO of Plaintiff and my review of and familiarity with correspondence and other relevant documents, including the exhibits to the foregoing Verified Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 6th day of January, 2025 in Toronto, Canada.

_____
Adam W Spears

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Leonard J Hoskinson declares are follows:

I am CEO of Plaintiff Eletson Corporation.

I have read the foregoing Verified Complaint and know the contents thereof.

I verify that I believe the allegations contained therein to be true to my own knowledge, except as to matters stated to be upon information and belief, and as to those matters I believe them to be true.

The grounds for my belief are based upon my personal knowledge gained during the course of my professional duties as CEO of Plaintiff and my review of and familiarity with correspondence and other relevant documents, including the exhibits to the foregoing Verified Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 6th day of January, 2025 in Florida, United States.

_____

Leonard J Hoskinson

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Leonard J Hoskinson declares are follows:

I am an authorized representative of Plaintiff Kinaros Special Maritime Enterprise.

I have read the foregoing Verified Complaint and know the contents thereof.

I verify that I believe the allegations contained therein to be true to my own knowledge, except as to matters stated to be upon information and belief, and as to those matters I believe them to be true.

The grounds for my belief are based upon my personal knowledge gained during the course of my professional duties as an authorized representative of Plaintiff and my review of and familiarity with correspondence and other relevant documents, including the exhibits to the foregoing Verified Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 6th day of January, 2025 in Florida, USA

_____

Leonard J Hoskinson